3635 JPS/BSP HD394

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| FELIX RANGEL, | ) | FILED: APRIL 4, 2008 |
| | ) | 08CV1942         EDA |
| *Plaintiff,* | ) | JUDGE LINDBERG |
| | ) | MAGISTRATE JUDGE COX |
| v. | ) No. | |
| | ) | |
| HOME DEPOT USA, INC., | ) | |
| | ) | |
| *Defendant* | ) | |

### NOTICE OF REMOVAL OF CAUSE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

NOW COMES the Defendant, HOME DEPOT USA, INC., by its attorney, JONATHAN

P. SCHAEFER of PURCELL & WARDROPE, CHTD., and pursuant to 28 U.S.C.A. 1332, 1441

and 1446, hereby provides notice of its removal of this cause pursuant to said statutes and for the

following reasons:

1.      On or about February 20, 2008, there was commenced and is now pending in the

Circuit Court of the Cook County, Illinois, a certain civil action under case #08 L 001921, in

which Felix Rangel is the Plaintiff, and Home Depot USA, Inc. is the Defendant.

2.      The aforementioned lawsuit is brought by the Plaintiff seeking damages for

personal injuries under a premises liability theory. The Plaintiff's Complaint merely prays for

damages "in excess of the jurisdictional limit of the Law Division of the Circuit Court of Cook

County", and the Plaintiff's attorney did not serve the Defendant with a Rule 222 Affidavit

verifying whether the damages sought exceeded $50,000.

3.      Per the Plaintiff's Complaint At Law, the Plaintiff was employed at U.S. Express

at the time of the subject occurrence. During the claims stage prior to filing of the state court

Complaint, a representative of the employer had a telephone conversation on February 7, 2008

with a representative of the Defendant, during which time the Defendant's representative was told that the employer, as of that call, had paid out over $30,000.00 in medical bills, and $25,000.00 in indemnity, and that the Plaintiff had not yet returned to work over a year after the subject accident. Based on said representations, the Defendant has a reasonable belief that the amount in controversy in this matter exceeds $75,000.00, exclusive of interests and costs. The undersigned counsel has left phone messages for the Plaintiff's attorney to confirm the amount in controversy, however those phone calls have not been returned. In an overabundance of caution, concurrently with the filing of this Notice of Removal, the undersigned counsel has propounded a Request to Admit upon the Plaintiff through its counsel of record (a copy of which is attached hereto as Exhibit A.)

4.    The Defendant states that the above lawsuit involves a controversy with complete diversity of citizenship between citizens of different states, and the Defendant affirmatively states further:

(a)    Upon information and belief, Plaintiff was at the commencement of this action, and is now, a citizen of the State of Illinois, and is a resident of the State of Illinois, and is not a citizen of the State of Delaware or of the State of Georgia. Again, the undersigned counsel has propounded a Request to Admit upon the Plaintiff relative to this diversity issue (see Exhibit A);

(b)    The Defendant, HOME DEPOT USA, INC. is a corporation duly created and organized by and under the laws of the State of Delaware with its principal place of business in the State of Georgia, and was not and is not a corporation created or organized under the laws of the State of Illinois, nor does it have principal places of business in the State of Illinois.

5.    This matter involves a controversy between an individual who is a resident of the State of Illinois on the one hand, and a corporation incorporated or organized pursuant to the laws of a state other than Illinois, and who has its principal place of business in a state other than Illinois, on the other hand. Further, the amount in controversy involves more than Seventy Five

2

Thousand Dollars ($75,000), exclusive of interest and costs. Accordingly, the District Court for the United States has original jurisdiction over this lawsuit.

6. This Notice of Removal is timely filed within thirty (30) days after the Defendant was served with the state court Summons and Complaint on March 5, 2008.

7. Attached hereto and made a part hereof are copies of the following documents to be filed by the Plaintiff and the Defendant in the Circuit Court of the Cook County, Illinois under case #08 L 001921:

- The Plaintiff's Complaint at Law;

- Sheriff's Affidavit of Service, and Plaintiff's Notice of Filing re: same;

- Defendant's Appearance and Jury Demand;

- Defendant's Answer and Affirmative Defense;

- Defendant's Interrogatories, Rule 214 Request, and Rule 237 Demand, all directed to the Plaintiff;

- Defendants' Notice of Filing Re: Appearance and Jury Demand, Answer and Affirmative Defenses, Interrogatories, Rule 214 Request, and Rule 237 Demand;

- Defendant's Notice of Filing Re: Notice of Removal.

To the Defendant's knowledge, no other documents, nor pleadings were filed in said lawsuit.

8. Notice of the filing of this Removal has been given to all parties as required by law, and is attached hereto. A true and correct copy of this Removal has been filed with the Clerk of the Circuit Court of Cook County, Illinois – Law Division, as provided by law.

9. With its appearance filed in the Circuit Court of Cook County, Illinois – Law Division, the Defendant demanded and paid the additional fee for a jury demand. The Defendant herein on removal also demands this case be tried by a jury.

WHEREFORE, the Defendant, HOME DEPOT USA, INC., prays that it may affect removal of the within action from the Circuit Court of the Cook County, Illinois – Law Division, to the United States District Court for the Northern District of Illinois – Eastern Division, and that the matter be tried before a jury.

Respectfully submitted,

By:    /s/ Jonathan P. Schaefer
       Jonathan P. Schaefer

PURCELL & WARDROPE CHTD
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3635- Rangel\Pleadings\NtcRemoval.doc

3635 JPS/BSP HD394

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| FELIX RANGEL, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | )    No. |
| | ) |
| HOME DEPOT USA, INC., | ) |
| | ) |
| *Defendant* | ) |

### PROOF OF SERVICE

    I, Mary Dannevik, hereby certify that the Attorneys of Record were served with copies of Defendant's ***Request to Admit,*** via fax and US mail in an envelope properly sealed, and depositing in a US Postal Service depot located at 10 South LaSalle Street, Suite 1200, Chicago, IL 60603, on **April 4, 2008**, addressed to the following:

    Robert N. Waddington & Associates
    111 West Washington Street
    Suite 1460
    Chicago, IL 60602

                                Mary Dannevik

PURCELL & WARDROPE CHTD
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3635- Rangel\Discovery\POS001.doc



3635 JPS/BSP HD394

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| FELIX RANGEL, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| HOME DEPOT USA, INC., | ) | |
| | ) | |
| *Defendant* | ) | |

### REQUEST TO ADMIT TO PLAINTIFF, FELIX RANGEL

NOW COME the Defendants, HOME DEPOT, USA, INC., by its attorneys, Jonathan P. Schaefer of PURCELL & WARDROPE CHTD., and hereby requests the plaintiff, FELIX RANGEL, pursuant to FRCP 36, to admit or deny the following within 28 days hereof:

1.     At the time of filing his Complaint on 2/20/08, the plaintiff, FELIX RANGEL, was a resident of the State of Illinois.

2.     At the time of filing his Complaint on 2/20/08, the plaintiff, FELIX RANGEL, was <u>not</u> a resident of the State of Delaware, the State of Maryland, or the State of Georgia.

3.     The amount in controversy in this cause, including any and all claims of future damages, is in excess of $75,000, exclusive of an interest and/or costs.

Respectfully submitted,

By: _____
Jonathan P. Schaefer

PURCELL & WARDROPE CHTD
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3635- Rangel\Discovery\Req2Admit.doc

STATE OF ILLINOIS   )
                   ) SS
COUNTY OF COOK   )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

2008L001921
CALENDAR/R80
TIME 00:00
Premises Liability

FELIX RANGEL, an individual,   )
                            )
          Plaintiff,   )
                            )
   vs.                    )   No.
                            )
HOME DEPOT U.S.A., Inc.   )   Cal:
                            )
       a foreign corporation,   )
                            )
         Defendant.   )

CIRCUIT COURT OF COOK
COUNTY, ILLINOIS
LAW DIVISION

08 FEB 20 PM 12:47

FILED

DOROTHY BROWN — CLERK

## COMPLAINT AT LAW

## COUNT I

## NEGLIGENCE - HOME DEPOT U.S.A., INC.

NOW COMES Plaintiff, FELIX RANGEL, by and through his attorneys, ROBERT N.
WADINGTON & ASSOCIATES, and complains of Defendant, HOME DEPOT U.S.A., Inc.,
(hereinafter referred to as "HOME DEPOT"), a foreign corporation, and in support states as
follows:

    1.  On and prior to January 19, 2007, Defendant, HOME DEPOT, was a foreign
corporation doing business in the City of Chicago, County of Cook, State of Illinois.

    2.  That, on or about January 19, 2007, Defendant, HOME DEPOT, was in the business
of owning, operating, managing, maintaining and controlling a certain store, commonly known as
"Home Depot," including the entrances, exits, and passageways, and loading docks located at or
about 955 North Randall Rd, City of Elgin, County of Kane, State of Illinois.

3. On and prior to January 19, 2007, Defendant, HOME DEPOT, had a duty to exercise ordinary care in the ownership, operation, management, maintenance and control of said premises.

4. On or around January 19, 2007, Plaintiff, FELIX RANGEL, was on the premises owned, operated, managed, maintained and controlled by Defendant, HOME DEPOT, in the course of his employment as a truck driver for U.S. Express.

5. On or around January 19, 2007, Plaintiff, FELIX RANGEL, was lawfully on the premises of Defendant, HOME DEPOT, and lawfully utilizing the premises owned, operated, managed, maintained and controlled by Defendant.

6. That, at said time and place, it was Defendant's duty to own, operate, manage, maintain and control the loading area including entrances and exits with reasonable care and caution so that those lawfully upon said premises, including Plaintiff, would not be injured.

7. That, at said time and place, Plaintiff was delivering via tractor trailer a load of supplies to said Defendant.

8. That, at said time and place, Defendant instructed Plaintiff to park his tractor trailer at the rear of the premises in the receiving area.

9. That, at said time and place, Defendant instructed Plaintiff to report to the receiving area.

10.    That, at the time and place aforesaid, a shovel surrounded by an unnatural accumulation of water was situated inside said receiving area door by an officer, employee, and/or agent of Defendant in such a way that there was insufficient room to safely walk through the aforesaid receiving area thereby creating a dangerous and defective condition.

11. That, at the time and place aforesaid, Plaintiff, distracted by the cans and receptacles

on the floor of said receiving area while determining a path through them, stepped on said shovel causing him to slip and fall.

12.    That, at the time and place aforesaid, Defendant, by and through its officers, agents and servants knew or should have known of the existence of the shovel and the surrounding unnatural accumulation of water and that those conditions constituted a danger to Plaintiff.

13.    That, at the time and place aforesaid, Defendant, by and through its officers, agents, and servants knew or should have known that persons such as Plaintiff walking through the receiving area would be distracted by the numerous receptacle bins and other items located in the walkway of said receiving area.

14.    That, at the time and place aforesaid, Defendant, by and through its officers, agents and servants knew or should have known that persons such as Plaintiff would inevitably encountered the dangerous area at said premises.

15.    At all times relevant, Defendant, HOME DEPOT, breached its duty to the Plaintiff in one or more of the following ways:

a.    Carelessly and negligently caused and/or allowed the shovel to extend out and into the aisle walkway on the premises of the HOME DEPOT receiving area located at or about 2073 Prairie Street, in the City of St. Charles, County of Kane, State of Illinois so that it presented a dangerous and defective condition;

b.    Carelessly and negligently placed the shovel at an angle where it was foreseeable that someone such as Plaintiff could trip and fall;

c.    Carelessly and negligently failed to warn Plaintiff of the dangerous and defective nature of the shovel;

d.    Failed to provide a safe means of ingress and egress at said location;

e.    Failed to provide adequate lighting for the Plaintiff to avoid the dangerous and defective condition created by the piece of grating at said location;

f.     Failed to remove water from the floor;

g.     Allowed the dangerous conditions to remain despite its knowledge of its presence; and

h.     Failed to keep every means of egress clear and unencumbered at said location, in violation of the Municipal Code of Chicago Title 13, Sections 13-196-080, 13-160-60. 11.

16.  That, as a direct and proximate result of one or more of the aforesaid wrongful acts and/or omissions of Defendant, HOME DEPOT, Plaintiff has experienced injuries of a personal and pecuniary nature.

WHEREFORE, the Plaintiff, FELIX RANGEL, prays for judgment against Defendant, HOME DEPOT, a foreign corporation, in a sum in excess of the jurisdictional limit of the Law Division of the Circuit Court of Cook County.

_Christopher L. Parris_
Attorney for Plaintiff

ROBERT N. WADINGTON & ASSOCIATES
Attorney for Plaintiff
111 West Washington, Suite 1460
Chicago, Illinois 60602
(312) 629-2706
Attorney No. 31494

STATE OF ILLINOIS )
                  ) SS
COUNTY OF COOK    )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

FELIX RANGEL, an individual,        )
                                    )
            Plaintiff,              )
                                    )
    vs.                             )        No.  2008 L 001921
                                    )
HOME DEPOT U.S.A., Inc.             )
                                    )
    a foreign corporation,          )
                                    )
            Defendant.              )

### NOTICE OF FILING

TO:    No counsel of record

        PLEASE TAKE NOTICE that on the 12th  day of February, 2008, we have filed with the Clerk of
the Circuit Court Sangamon County Sheriff's Affidavit of Service on Defendant, Home Depot U.S.A.
Inc., a copy of which is attached hereto and made a part hereof.

                                    _____
                                    Attorneys for Plaintiff

ROBERT N. WADINGTON & ASSOCIATES
111 W. Washington Street
Suite 1460
Chicago, IL 60602-2708
(312) 629-2706
Atty #31494

### PROOF OF SERVICE BY MAIL

        I, Susan Meyer, a non-attorney, under the penalties provided by law pursuant to 735 ILCS 5/1-109,
certify that I sent a copy of the attached document via regular U.S. Mail to the abovenamed attorneys, with
proper postage prepaid by 5:00 p.m. on this 12th  day February, 2008.

(X)     Under penalties as provided by law pursuant       Signature _____
        to 735 ILCS 5/1-109, I certify that the
        statements set forth herein are true and correct.   Date: _____



## SANGAMON COUNTY SHERIFFS OFFICE
*"Keeping the Peace Since 1821"*

NEIL M. WILLIAMSON
#1 Sheriffs Plaza
Springfield, Illinois 62701

Administration - (217) 753-6855
Civil Process/Records - (217) 753-6846

Investigations - (217) 753-6840
Corrections - (217) 753-6886

I, <u>Donald Schuh #4267</u> certify that I served this summons as follows:

☒  Corporation service, by leaving a copy of the summons and complaint with an agent or officer of the corporation listed in the summons.

☐  Other: _____

Case Number  *2008L 1921*

Name of defendant  *Home Depot U.SA*
C/O ILL,Corp.inc.

Name of other person
Summons left with  <u>Holly Blankenship</u>

Sex  (Female )  Race: <u>White</u>  Approx. age  <u>20's</u>

Date of Service  *3-5-08*  Time _____

Address at which paper was served:

801 Stevenson Dr.

Springfield,Il

Service fees : <u>$30.00</u>

Neil Williamson, Sheriff of Sangamon County

By, _____ , Civil Process Officer

### IN PARTNERSHIP WITH THE COMMUNITY

3635 JPS/BSP HD394                                                      Firm No.: 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

FELIX RANGEL,                          )
                                       )
                 *Plaintiff,*          )
                                       )
v.                                     )    No. 08 L 1921
                                       )
HOME DEPOT USA, INC.,                  )
                                       )
                 *Defendant*           )

### APPEARANCE AND JURY DEMAND

The undersigned, as attorney, enters the appearance of the Defendants:

### HOME DEPOT USA, INC.

***Defendants demand trial by jury.

_____
JONATHAN P. SCHAEFER

PURCELL & WARDROPE CHTD
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3635- Rangel\Pleadings\APPJD.doc

I certify that a copy of the within instrument was served on all parties who have
appeared and have not heretofore been found by the Court to be in default for failure to plead.

_____
Attorney for Defendant

3635 JPS/BSP HD394

Firm No.: 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| FELIX RANGEL, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) No. 08 L 1921 |
| HOME DEPOT USA, INC., | ) |
| | ) |
| *Defendant* | ) |

FILED B - 7
2008 APR -3  PM 3: 03
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

### ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES the Defendant, HOME DEPOT USA, INC., by its attorneys, PURCELL & WARDROPE, CHTD., and hereby responds to the Plaintiff's Complaint At Law, as follows:

1.     On and prior to January 19, 2007, Defendant, HOME DEPOT, was a foreign corporation doing business in the City of Chicago, County of Cook, State of Illinois.

**ANSWER**:    The Defendant admits the allegations contained in paragraph 1.

2.     That, on or about January 19, 2007, Defendant, HOME DEPOT, was in the business of owning, operating, managing, maintaining and controlling a certain store, commonly known as "Home Depot," including the entrances, exits, and passageways, and loading docks located at or about 955 Randall Road, City of Elgin, County of Kane, State of Illinois.

**ANSWER**:    The Defendant admits the allegations contained in paragraph 2, other than to indicate that the subject store was located in the County of Cook.

3.     On and prior to January 19, 2007, Defendant, HOME DEPOT, had a duty to exercise ordinary care in the ownership, operation, management, maintenance and control of said premises.

**ANSWER**:    The Defendant denies the allegations contained in paragraph 3, and only admits to those duties implied by law.

4.      On or around January 18, 2007, Plaintiff, FELIX RANGEL, was on the premises owned, operated, managed, maintained and controlled by Defendant, HOME DEPOT, in the course of his employment as a truck driver for U.S. Express.

**ANSWER:**    Upon information and belief, the Defendant admits the allegations contained in paragraph 4.

5.      On or around January 19, 2007, Plaintiff, FELIX RANGEL, was lawfully on the premises of Defendant, HOME DEPOT, and lawfully utilizing the premises owned, operated, managed, maintained and controlled by Defendant.

**ANSWER:**    Upon information and belief, the Defendant admits the allegations contained in paragraph 5.

6.      That, at said time and place, it was Defendant's duty to own, operate, manage, maintain and control the loading area including entrances and exits with reasonable care and caution so that those lawfully upon said premises, including Plaintiff, would not be injured.

**ANSWER:**    The Defendant denies the allegations contained in paragraph 6, and only admits to those duties implied by law.

7.      That, at said time and place, Plaintiff was delivering via tractor trailer a load of supplies to said Defendant.

**ANSWER:**    The Defendant admits that the Plaintiff brought a delivery via tractor trailer a load of carpeting to the store at the alleged time and place, and denies any remaining allegations contained in paragraph 7.

8.      That, at said time and place, Defendant instructed Plaintiff to park his tractor trailer at the rear of the premises in the receiving area.

**ANSWER:**    The Defendant denies giving any instructions to the Plaintiff about where to park his vehicle prior to the subject incident on the date in question.

9.      That, at said time and place, Defendant instructed Plaintiff to report to the receiving area.

**ANSWER:**    The Defendant denies giving any instructions to the Plaintiff on the date in question prior to his accident.

10.    That, at the time and place aforesaid, a shovel surrounded by an unnatural accumulation of water was situated inside said receiving area door by an officer, employee, and/or agent of Defendant in such a way that there was insufficient room to safely walk through the aforesaid receiving area, thereby creating a dangerous and defective condition.

**ANSWER:**    The Defendant admits that an OSHA-required hazard material spill kit was present adjacent to the entrance door to the receiving department, including a wash station, dry compound container, and a shovel. The Defendant denies any remaining allegations contained in paragraph 10.

11.    That, at the time and place aforesaid, Plaintiff, distracted by the cans and receptacles on the floor of said receiving area while determining a path through them, stepped on said shovel causing him to slip and fall.

**ANSWER:**    The Defendant admits that the Plaintiff stepped on the shovel, knocked the shovel over, and then fell over the shovel, but denies any remaining allegations contained in paragraph 11.

12.    That, at the time and place aforesaid, Defendant, by and through its officers, agents and servants knew or should have known of the existence of the shovel and the surrounding natural accumulation of water and that those conditions constituted a danger to Plaintiff.

**ANSWER:**    The Defendant admits that it was aware of a shovel adjacent to the doorway as part of the OSHA-required hazardous material spill kit, but denies any remaining allegations contained in paragraph 12.

13.    That, at the time and place aforesaid, Defendant, by and through its officers, agents, and servants knew or should have known that persons such as Plaintiff walking through the receiving area would be distracted by the numerous receptacle bins and other items located in the walkway of said receiving area.

**ANSWER:**    The Defendant denies the allegations contained in paragraph 13.

14.    That, at the time and place aforesaid, Defendant, by and through its officers, agents and servants knew or should have known that persons such as Plaintiff would inevitably encountered the dangerous area at said premises.

**ANSWER:**    The Defendant denies the allegations contained in paragraph 14.

15.    At all times relevant, Defendant, HOME DEPOT, breached its duty to the Plaintiff in one or more of the following ways:

a.    Carelessly and negligently caused and/or allowed the shovel to extend out and into the aisle walkway on the premises of the HOME DEPOT receiving area located at or about 2073 Prairie Street, in the City of St. Charles, County of Kane, State of Illinois, so that it presented a dangerous and defective condition;

b.    Carelessly and negligently placed the shovel at an angle where it was foreseeable that someone such as Plaintiff could trip and fall;

c.    Carelessly and negligently failed to warn Plaintiff of the dangerous and defective nature of the shovel;

d.    Failed to provide a safe means of ingress and egress at said location;

e.    Failed to provide adequate lighting for the Plaintiff to avoid the dangerous and defective condition created by the piece of grating at said location;

f.    Failed to remove water from the floor;

g.    Allowed the dangerous conditions to remain despite its knowledge of its presence; and

h.    Failed to keep every means of egress clear and unencumbered at said location, in violation of the Municipal Code of Chicago Title 13, Sections 13-196-080, 13-160-60.11.

**ANSWER:**    The Defendant denies the allegations contained in paragraph 15, and specifically denies the allegations contained in subparagraphs (a) – (h) thereunder. The Defendant further denies the Chicago Municipal Code has any application to the subject store or this matter.

16.    That, as a direct and proximate result of one or more of the aforesaid wrongful acts and/or omissions of Defendant, HOME DEPOT, Plaintiff has experienced injuries of a personal and pecuniary nature.

**ANSWER:**    The Defendant denies the allegations contained in paragraph 16.

WHEREFORE, the Defendant, HOME DEPOT USA, INC., prays that judgment be entered in its favor and against the Plaintiff, and that it be awarded reasonable costs, fees and expenses.

## FIRST AFFIRMATIVE DEFENSE

NOW COMES the Defendant, HOME DEPOT USA, INC., and in further response to the Plaintiff's Complaint At Law, hereby pleads the following as its First Affirmative Defense:

1.    At the time and place alleged, the Plaintiff owed a duty to himself and to others to act in a reasonable and safe manner.

2.    At the time and place alleged, the Plaintiff breached said duty and proximately caused or contributed to his accident, injuries and/or damages, by committing one or more of the following careless and/or negligent acts and/or omissions:

(a)    Failed to keep a proper and safe lookout for the conditions of the receiving department upon entering the building;

(b)    Improperly distracted his own attention from the conditions of the premises by speaking on a cellular phone during all times he was present between entering the receiving department and his tripping and falling;

(c)    Failed to seek assistance by employees present in the receiving department when confronted with the open and obvious conditions, of the department; and

(d)    Improperly failed to watch or look to see where he was walking while entering the building.

WHEREFORE, the Defendant, HOME DEPOT USA, INC., prays that, if judgment is entered in favor of the Plaintiff and against the Defendant under the Plaintiff's Complaint At Law, said judgment be reduced by that percentage to which the Plaintiff's own comparative fault or negligence caused or contributed to the subject accident, and that judgment be entered in favor of the Defendant and against the Plaintiff if it is deemed that the Plaintiff's own comparative fault or negligence exceeded 50% of the total fault attributable to the subject accident.

Respectfully Submitted,

By: _____
Jonathan P. Schaefer

PURCELL & WARDROPE CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3635- Rangel\Pleadings\Answer.doc

3635 JPS/BSP HD394                                                          Firm No.: 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

FELIX RANGEL,

        *Plaintiff,*

v.

HOME DEPOT USA, INC.,

        *Defendant*

)
)
)
)
)
)
)
)
)
)
)

2008 APR -3  PM 3: 03

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

No. 08 L 1921

## INTERROGATORIES TO PLAINTIFF

NOW COMES the Defendant, HOME DEPOT U.S.A., INC., by its attorneys, PURCELL

& WARDROPE, CHTD., and propounds the following Interrogatories pursuant to Illinois

Supreme Court Rule 213 to be answered by the Plaintiff within twenty-eight (28) days upon

receipt hereof:

    1.     State your full name, age, date of birth, address and social security number.

**ANSWER:**

    2.     State the full names and addresses of each person who witnessed or claims to
have witnessed the occurrence alleged in your complaint.

**ANSWER:**

    3.     State the full name and address of each person not named (in 2) above who was
present or claims to have been present at the scene immediately before, at the time of, or
immediately after said occurrence.

**ANSWER:**

    4.     Describe in general the personal injuries sustained by you as a result of said
occurrence.

**ANSWER:**

1

5.    With regard to said injuries, state:

    a.    The name and address of each attending physician;
    b.    The name and address of each consulting physician;
    c.    The name and address of each person or laboratory taking an x-ray of you;
    d.    The date or inclusive dates on which each of them rendered you service;
    e.    The amounts to date of their respective bills for service; and,
    f.    From which of them do you have written reports?

**ANSWER:**

6.    As the result of said personal injuries, were you a patient or out-patient in any hospital or clinic? If so, state the names and addresses of each such hospital or clinic, the amounts of their respective bills and the inclusive date of said service.

**ANSWER:**

7.    Please state the name and address of your *last* employer(s) at the time of the subject accident, and at the present. If you were unable to work as a result of said personal injuries allegedly sustained in the subject accident, please state the date or inclusive dates on which you were unable to work, the amount of wage or income loss claimed by you, and the name and address of the each employer from home you lost time and wages.

**ANSWER:**

8.    Has any person, insurance company other entity paid any bills or expenses as a result of this incident? If so, identify who paid said bills or expenses, state the amount paid by each such entity, and identify the bills and expenses paid.

**ANSWER:**

9.    Please state the total amount of damages being sought by the Plaintiff in this lawsuit, including specifically the nature of each element of her damages, and the amount of damages being claimed for each such element.

**ANSWER:**

10.    For each witness who will offer any opinion testimony at trial, please state the following:

    a.    The name and address of the witness;
    b.    The subject matter on which the opinion witness is expected to testify;
    c.    The conclusions and opinions of the opinion witness and the bases thereof; and
    d.    The qualifications of the opinion witness.

And provide all reports of the opinion witness.

**ANSWER:**

11.    During the five years immediately prior to the date of said occurrence, had you been treated by a physician, confined to a hospital, or x-rayed for any reason <u>other than personal injury</u>? If so, give the name and address of each such professional or facility, the approximate date of such service or confinement, and *state the reason for such service or confinement.*

**ANSWER:**

12.    Prior to the date of said occurrence, had you suffered <u>any</u> serious personal injury requiring medical treatment? If so, state when, where and in general how you were injured, describe the injuries suffered, and the name and address of all medical facilities and professionals who provided you treatment.

**ANSWER:**

13.    Have you suffered either (a) any personal injury or (b) serious illness, since the date of said occurrence? If so, for (a), state when, where and in general how you were injured, describe in general the injuries suffered, and provide the name and address of all medical facilities and professionals who provided you treatment; and for (b) state when you were ill, describe in general the illness, and the name and address of all medical facilities and professionals who provided you treatment.

**ANSWER:**

14.    Have you ever filed any other lawsuit or worker's compensation claim for your own personal injuries? If so, state the court in which filed, the year filed and the title and docket number of said case.

**ANSWER:**

15.    Were any photographs taken of the scene of the occurrence or of the person or persons involved? If so, state the date or dates on which such photographs were taken, the subjects thereof and who now has custody of them.

**ANSWER:**

16.    Do you have statements or reports from any witness other than yourself? If so, give the name and address of each such witness, the date of said statement or report, and state whether such statement or report was written or oral.

**ANSWER:**

3

17.    Please state the name and address of every witness who will testify at trial, together with the subject of their testimony.

**ANSWER:**

18.    List the name and addresses of all other persons (other than yourself and persons heretofore listed or specifically excluded) who have knowledge of the facts of said occurrence or of the injuries and damages following therefrom.

**ANSWER:**

19.    Do you have any continuing complaints or disabilities of any kind resulting from the accident? If so, please state:

      a.    The nature and frequency of said complaint or disability; and,
      b.    What medical treatment you are receiving and/or what medication are you taking for this complaint or disability.

**ANSWER:**

20.    In regard to the "shovel", "unnatural accumulation of water", "cans", "receptacles", or any other alleged dangers or defective condition of the premises as alleged in the Complaint, *for each such thing or condition,* please state the following:

      a.    A physical description of said object or condition, including length, width, depth, color, type of material, etc.;
      b.    Please state in inches or feet, the distance between said object or condition and any walls, racking or other store fixture(s);
      c.    State whether the Plaintiff saw each such object or condition at any time prior to the accident beginning to occur;
      d.    If your response to the subparagraph immediately above is in the negative, please state why the Plaintiff did not observe said object or condition at any time prior to the accident beginning to occur;
      e.    Please state the length of time each such object or condition existed on the floor prior to the accident;

**ANSWER:**

21.    For each and every cellular phone available for use by the Plaintiff at the time of the subject accident, please state the following:

      a.    The name and address of the owner of the phone;
      b.    The telephone number for each such phone;
      c.    The name and address of the service provider;
      d.    Whether the Plaintiff was actually using the cellular phone when the accident occurred.

**ANSWER:**

22.     Please state if you were using the cellular phone  (a) when you entered the Defendant's building just before your fall, and/or (b) when your fall occurred. If your response is in the affirmative, please state the name, address and phone number of the person with whom you were connected.

**ANSWER:**

Respectfully submitted,

By:

Jonathan P. Schaefer

PURCELL & WARDROPE CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\J635- Rangel\Discovery\Rogs.doc

3635 JPS/BSP HD394

Firm No.: 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

FELIX RANGEL,                            )
                                         )
            *Plaintiff,*                  )
                                         )
v.                                       )    No. 08 L 1921
                                         )
HOME DEPOT USA, INC.,                    )
                                         )
            *Defendant*                   )

FILED B - 7

2008 APR -3 PM 3: 03

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

### REQUEST TO PRODUCE

NOW COMES the Defendant, HOME DEPOT USA, INC., a Delaware corporation,

through its attorneys, PURCELL & WARDROPE, CHTD., and propounds the following

Request for Production of Documents, pursuant to Illinois Supreme Court Rule 214, to be

answered by the Plaintiff within twenty-eight (28) days from the date of service at the office of

the defendant for inspection and copying.

1.      Any and all photographs of the alleged defective conditions, the "slab of wood", or of the subject premises, whether made prior to or after the plaintiff's accident.

2.      Any and all reports, letters, memos, or other written documents regarding the alleged negligent conduct, defective conditions and/or the subject premises received from any witnesses.

3.      List and identify, in detail, any and all technical publications, treatises, books, codes, standards (whether scientific or otherwise), articles, regulations, or other writings or documents, by whatever name described, which you, your attorneys, representatives, or witnesses will offer into evidence upon the trial of this cause or which will be referred to, alluded to, or used, as a basis of support for any opinion to be offered or opinion or fact to be proved.

4.      Any and all charts, exhibits, models, movies, or demonstrative evidence to be offered at the trial of this cause.

5.      A copy of any and all written communications received by you from this defendant relative to said accident or claim.

6.    A copy of any and all written notes or memos reflecting any communications received by you or your representatives from this defendant or its employees.

7.    All medical bills incurred by the plaintiff(s) for treatment of injuries alleged to have been received in the accident.

8.    Hospital records for any admission of the plaintiff(s) to any hospital for injuries allegedly received in the accident.

9.    Medical reports and office records from any doctor, dentist, chiropractor, or other medical practitioner, pertaining to the injuries allegedly received by the plaintiff(s) in the accident.

10.    Any record in the possession of plaintiff(s) indicating the amount of income lost as a result of the accident, including, but not limited to, the plaintiff's tax returns for the last five (5) years.

11.    Any statement, invoice, bill, or other writing, indicating an expense incurred by the plaintiff(s) as a result of the accident.

12.    Any photographs of the injuries allegedly received by the plaintiff(s) in said accident.

13.    Any "client record book" or other record or notes of your injuries or pain experienced from the subject accident.

14.    Any statement taken from any defendant with regard to the circumstances of the accident, the nature and extent of the plaintiff's injuries and/or damages or any other relevant matter, whether said statement be written, recorded, or a transcription of a recorded statement.

15.    Any statement or report of any witness with regard to the circumstances of the accident, the nature and extend of the plaintiff's injuries and damages, or any other relevant matter, whether said statement or report be written, recorded, or a transcription of a recorded statement.

16.    Any and all letters, memos, reports, or other writings from any employment or occupational expert who has examined, interviewed, or tested plaintiff(s).

17.    Any and all reports, medical records, medical bills, summaries, photographs, drawings, sketches, lump sum settlement records or other records, concerning *any and all prior or subsequent claims*, lawsuits or worker's compensation claims concerning any claims brought by the plaintiff(s) or on the plaintiff(s) behalf, for personal injuries otherwise suffered by the plaintiff(s).

18.     All documents reflecting correspondence or communications with plaintiff's employer regarding the injuries allegedly sustained in the incident, the plaintiff's work schedule and/or attendance at work since the occurrence, and/or the plaintiff's claim for lost wages and/or lost earning capacity resulting from the subject accident.

19.     Any report of any inspection of the premises or of the shovel, water, cans, receptacles, or other alleged defective or dangerous condition of the premises where the accident occurred, or any report of any inspection/observation of the operation of the store in question.

20.     Any and all reports rendered by any witness whom you expect to provide opinion testimony at trial.

21.     Any document relied upon, referred to, or identified in your Answers to Interrogatories served in this litigation.

22.     All bills, invoices, canceled checks, letters, correspondence, notes, or other documentation referencing any cellular phone available for use by the Plaintiff on the date of the accident, including all statements for cellular phone service provided on the date of the occurrence.

23.     Any and all reports, medical records, bills, summaries or other records concerning any and all other injuries and illnesses suffered by the Plaintiff at any time, whether before or after the subject occurrence, which required medical treatment.

The term "accident" or "occurrence" as used in this request for production refers to the accident or occurrence outlined in the plaintiff's complaint.

The plaintiff is requested to make such production at the offices of Purcell & Wardrope, Chtd., 10 South LaSalle Street, Suite 1200, Chicago, Illinois.

Respectfully submitted,

By:     _____
Jonathan P. Schaefer

PURCELL & WARDROPE CHTD
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3635- Rangel\Discovery\Req2Prod214.doc

3

3635 JPS/BSP HD394                                                        Firm No.: 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

FILED B - 7

2008 APR -3  PM 3: 04

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

| | | |
|---|---|---|
| FELIX RANGEL, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 08 L 1921 |
| | ) | |
| HOME DEPOT USA, INC., | ) | |
| | ) | |
| *Defendant* | ) | |

### DEMAND FOR PRODUCTION PURSUANT
### TO SUPREME COURT RULE 237 & 213(e)

Now comes the Defendant, HOME DEPOT USA, INC., a Delaware corporation, by and

through its attorneys, PURCELL & WARDROPE, CHTD., and requests that the Plaintiff,

FELIX RANGEL, produce at the time of arbitration and trial in the above case, and such

production to continue throughout the entire course of this lawsuit for arbitration and trial,

pursuant to 237 & 213(e), of the Rules of the Supreme Court of the State of Illinois, the

following persons and documents:

     1.     It is hereby demanded, pursuant to Illinois Supreme Court Rule 213(e), that you produce immediately upon commencement of the arbitration and upon assignment of this matter for trial (unless otherwise herein indicated), and prior to the selection of the jury, the identity and last known address of all persons and organizations in addition to those previously disclosed, having knowledge of the facts relevant to this lawsuit.

     2.     It is demanded, pursuant to Illinois Supreme Court Rule 237, that you produce FELIX RANGEL at the time of arbitration and trial for examination under 2-1102 of the Illinois Code of Civil Procedure.

     3.     It is demanded, pursuant to Illinois Supreme Court Rule 237, that you produce immediately upon commencement of the arbitration and upon assignment of this matter for trial (unless otherwise herein indicated), and prior to the selection of a jury, the following original documents or tangible things or copies of same if originals are not available:

a.  Any and all photographs of the alleged defective conditions, the "slab of wood", or of the subject premises, whether made prior to or after the plaintiff's accident.

b.  Any and all reports, letters, memos, or other written documents regarding the alleged negligent conduct, defective conditions and/or the subject premises received from any witnesses.

c.  List and identify, in detail, any and all technical publications, treatises, books, codes, standards (whether scientific or otherwise), articles, regulations, or other writings or documents, by whatever name described, which you, your attorneys, representatives, or witnesses will offer into evidence upon the trial of this cause or which will be referred to, alluded to, or used, as a basis of support for any opinion to be offered or opinion or fact to be proved.

d.  Any and all charts, exhibits, models, movies, or demonstrative evidence to be offered at the trial of this cause.

e.  A copy of any and all written communications received by you from this defendant relative to said accident or claim.

f.  A copy of any and all written notes or memos reflecting any communications received by you or your representatives from this defendant or its employees.

g.  All medical bills incurred by the plaintiff(s) for treatment of injuries alleged to have been received in the accident.

h.  Hospital records for any admission of the plaintiff(s) to any hospital for injuries received in the accident.

i.  Medical reports and office records from any doctor, dentist, chiropractor, or other medical practitioner, pertaining to the injuries allegedly received by the plaintiff(s) in the accident.

j.  Any record in the possession of plaintiff(s) indicating the amount of income lost as a result of the accident, including, but not limited to, the plaintiff's tax returns for the last five (5) years.

k.  Any statement, invoice, bill, or other writing, indicating an expense incurred by the plaintiff(s) as a result of the accident.

l.  Any photographs of the injuries allegedly received by the plaintiff(s) in said accident.

m.  Any "client record book" or other record or notes of your injuries or pain experienced from the subject accident.

n.  Any statement taken from any defendant with regard to the circumstances of the accident, the nature and extent of the plaintiff's injuries and/or damages or any other relevant matter, whether said statement be written, recorded, or a transcription of a recorded statement.

o.  Any statement or report of any witness with regard to the circumstances of the accident, the nature and extend of the plaintiff's injuries and damages, or any other relevant matter, whether said statement or report be written, recorded, or a transcription of a recorded statement.

p.    Any and all letters, memos, reports, or other writings from any employment or occupational expert who has examined, interviewed, or tested plaintiff(s).

q.    Any and all reports, medical records, medical bills, summaries, photographs, drawings, sketches, lump sum settlement records or other records, concerning *any and all prior and/or subsequent claims*, lawsuits or worker's compensation claims concerning any claims brought by the plaintiff(s) or on the plaintiff(s) behalf, for personal injuries otherwise suffered by the plaintiff(s).

r.    All documents reflecting correspondence or communications with plaintiff's employer regarding the injuries allegedly sustained in the incident, the plaintiff's work schedule and/or attendance at work since the occurrence, and/or the plaintiff's claim for lost wages and/or lost earning capacity resulting from the subject accident.

s.    Any report of any inspection of the premises or of the shovel, water, cans, receptacles, or other alleged defective or dangerous condition of the premises where the accident occurred, or any report of any inspection/observation of the operation of the store in question.

t.    Any and all reports rendered by any witness whom you expect to provide opinion testimony at trial.

u.    Any document relied upon, referred to, or identified in your Answers to Interrogatories served in this litigation.

v.    All bills, invoices, canceled checks, letters, correspondence, notes, or other documentation referencing any cellular phone available for use by the Plaintiff on the date of the accident, including all statements for cellular phone service provided on the date of the occurrence.

w.    Any and all reports, medical records, bills, summaries or other records concerning any and all other injuries and illnesses suffered by the Plaintiff at any time, whether before or after the subject occurrence, which required medical treatment.


Respectfully submitted,


By:    _____
       Jonathan P. Schaefer


PURCELL & WARDROPE CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3635- Rangel\Discovery\Req2Prod237.doc


3

3635 JPS/BSP HD394

Firm No.: 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

FELIX RANGEL,                              )
                                          )
                *Plaintiff,*               )
                                          )
v.                                        )       No. 08 L 1921
                                          )
HOME DEPOT USA, INC.,                     )
                                          )
                *Defendant*               )

### NOTICE OF FILING

**TO:**   Robert N. Waddington & Associates
          111 West Washington Street
          Suite 1460
          Chicago, IL 60602

　　　PLEASE TAKE NOTICE that on **April 3, 2008**, we filed with the Clerk of the Circuit Court of Cook County, Defendant *Home Depot USA, Inc.'s Appearance, Answer and Affirmative Defense, Interrogatories to Plaintiff, Rule 214 Request to Produce to Plaintiff, and Rule 237 Request to Produce to Plaintiff,* copies of which are attached hereto.

　　　　　　　　　By:　　_____
　　　　　　　　　　　　　Jonathan P. Schaefer

PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, Illinois 60603
(312) 427-3900
F:\JPS\3635- Rangel\Pleadings\NOF001.doc

### CERTIFICATE OF SERVICE

　　　I, Mary Dannevik, a non-attorney, pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, certify that I mailed copies of this Notice and the foregoing referenced documents to the attorneys of record on April 3, 2008.

　　　　　　　　　_____
　　　　　　　　　Mary Dannevik

3635 JPS/BSP HD394                                                                    Firm No.: 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

| | | |
|---|---|---|
| FELIX RANGEL, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 08 L 1921 |
| | ) | |
| HOME DEPOT USA, INC., | ) | |
| | ) | |
| *Defendant* | ) | |

### NOTICE OF FILING

**TO:**   Robert N. Waddington & Associates
111 West Washington Street
Suite 1460
Chicago, IL 60602

PLEASE TAKE NOTICE that on **April 4, 2008,** we filed with the Clerk of the Circuit Court of Cook County, Defendant *Home Depot USA, Inc.'s Notice of Removal,* a copy of which is attached hereto.

By:   _____
Jonathan P. Schaefer

PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, Illinois 60603
(312) 427-3900
F:\JPS\3635- Rangel\Pleadings\NOF002.doc

### CERTIFICATE OF SERVICE

I, Mary Dannevik, a non-attorney, pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, certify that I mailed copies of this Notice and the foregoing referenced documents to the attorneys of record on April 4, 2008.

_____
Mary Dannevik

3635 JPS/BSP HD394

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | | |
|---|---|---|---|
| FELIX RANGEL, | ) | **FILED: APRIL 4, 2008** | |
| | ) | **08CV1942        EDA** | |
| *Plaintiff,* | ) | **JUDGE LINDBERG** | |
| | ) | | |
| v. | ) | No.  **MAGISTRATE JUDGE COX** | |
| | ) | | |
| HOME DEPOT USA, INC., | ) | | |
| | ) | | |
| *Defendant* | ) | | |

### NOTICE OF FILING

**TO:**   Robert N. Waddington & Associates
111 West Washington Street
Suite 1460
Chicago, IL 60602

PLEASE TAKE NOTICE that on **April 4, 2008,** we electronically filed with the United States District Court for the Northern District of Illinois – Eastern Division, ***Defendant's Notice of Removal, Civil Cover Sheet, and Appearance,*** copies of which are attached hereto.

By:   /s/ Jonathan P. Schaefer
Jonathan P. Schaefer

PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, Illinois 60603
(312) 427-3900
F:\JPS\3635- Rangel\Pleadings\NOF003 - Fed Ct..doc

### CERTIFICATE OF SERVICE

I, Mary Dannevik, a non-attorney, pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, certify that I mailed copies of this Notice and the foregoing referenced documents to the attorneys of record on April 4, 2008.

/s/ Mary Dannevik
Mary Dannevik