3635 JPS/BSP HD394

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| FELIX RANGEL, | ) | |
| *Plaintiff,* | ) ) ) | |
| v. | ) ) | No.   08-CV-1942 |
| HOME DEPOT USA, INC., | ) ) ) | Honorable George W. Lindberg |
| *Defendant* | ) | |

## HOME DEPOT'S AGREED MOTION FOR PROTECTIVE ORDER

NOW COMES THE DEFENDANT, HOME DEPOT U.S.A., INC., by its attorneys, Purcell & Wardrope Chtd., and hereby request this Honorable Court to enter a Protective Order agreed to by the Plaintiff and the Defendant through counsel, relative to Home Depot's documentation reflecting operations, training, standard operating procedures, policies and/or other materials. In support thereof, Movant states as follows:

1. This case involves a claim being made by Felix Rangel, whom has alleged in his Complaint at Law that he suffered damages as a result of falling in the receiving department of one of Defendant's store, allegedly due to the negligence of the Defendant in allowing the presence of a shovel, a natural accumulation of water, cans, receptacles, bins, etc., in an aisleway or egress.

2. The Plaintiff has requested the Defendant to produce certain information and documentation of the Defendant, relative to its operations for the store where the incident occurred. The Defendant has agreed to produce said documents and information, subject to said documents and/or materials being treated as confidential and subject to a protective order preventing dissemination outside of this litigation.

3. The Defendant contends that its operations training and operation materials are proprietary information, needing protection against public dissemination. In support thereof, the Defendant states:

   a. Home Depot invests a substantial amount of its resources in the development, promulgation, documentation and revision of its standard operating procedures, including employing full-time policy coordinators responsible for the compilation, drafting, publication, dissemination and maintenance of the company the Defendant's standard operating procedures.
   b. The Defendant has kept those standard operating procedures confidential, and does not publish them.

  c. The documents are proprietary to the Defendant, and are for use of and are only disseminated to the Defendant's employees.

  d. All of the Defendant's employees are trained that these standard operating procedures are confidential, and that the employees are subject to discipline should they violate the confidentiality policy.

  e. The public dissemination of these materials, particularly to its competitors, would be detrimental to Home Depot.

  f. These materials would have value to the competitors of the Defendant, who could, if these procedures were made known to them, reap the benefit of the Defendant's substantial investment in the development of those procedures without incurring any expense of their own.

  4. As evidenced by the Stipulation and Protective Order attached hereto, as Exhibit A, electronically signed by the Plaintiff's attorney with permission, the Plaintiff's attorney has agreed to the entry of the request for Protective Order.

  5. The Defendant has never refused to produce the aforementioned documentation, but has only asked that the information be protected as confidential, and only used in the context of the instant litigation. The proposed Stipulation and Protective Order provides that the Plaintiff is not without recourse if he wishes to contest the confidentiality designation made by the Defendant. The Plaintiff (or any member of the general public) may challenge in court any designation of confidentiality made by the Defendant, if he or she does not agree that it is confidential.

  6. The agreed proposed Stipulation and Protective Order is a means to expedite the exchange of confidential information without having the court review each and every document before it is turned over. If the Plaintiff were to later challenge the confidentiality to designation of a certain document(s) the court would be in a far better position to rule on any confidentiality issues because the documents would already have been turned over to the Plaintiff.

  WHEREFORE, the Defendant, respectfully requests this Honorable Court to enter the agreed proposed Protective Order attached hereto as Exhibit A.

              Respectfully submitted,


            By: /s/ Jonathan P. Schaefer
               Jonathan P. Schaefer


PURCELL & WARDROPE CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3635- Rangel\Pleadings\Mtn4AgdProt Order.doc

3635 JPS/BSP HD394

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| FELIX RANGEL, | ) | |
| *Plaintiff,* | ) ) ) | |
| v. | ) ) | No.   08-CV-1942 |
| HOME DEPOT USA, INC., | ) ) | Honorable George W. Lindberg |
| *Defendant* | ) | |

## AGREED STIPULATION AND PROTECTIVE ORDER

THIS CAUSE COMING ON TO BE HEARD on the motion of the Defendant, HOME DEPOT U.S.A., INC., to protect certain documents and other information subject to this discovery in this case which contain trade secrets, proprietary information, or other confidential information, and that the disclosure of such information outside the confines of this lawsuit could cause serious financial or competitive harm, and consequential damages, including but not limited to loss of profits, and upon the finding of this Court that the entry of this Order is necessary to preserve the confidentiality of these documents and the information of Defendants. Accordingly, the Court orders the following protective measures to be implemented in the interest of all parties and the furtherance of justice:

1.   This Order governs the handling and disclosure of all materials produced, given or filed herein by the parties which defendant designates as confidential or a trade secret.

2.   Definitions:

    a. **"Document"** means all writings, drawings, graphs, charts, recordings, and any other documents, including, but not limited to, the documents described in plaintiff's request for production of documents and all supplemental requests.

    b. **"Material"** means any document, any answer to any interrogatory or other discovery request in this action, any portion of any deposition (including deposition exhibits) in this action, or any other information produced, given or filed in this action.

    c. For purposes of this order **"confidential information"** means any documents, tangible things or responses to discovery requests directed to, referencing or otherwise relating to operations, practices, policies, and/or procedures, which have been identified by the producing party as being confidential. All copies made of said documents, tangible things and responses to discovery requests shall also be confidential information. Additionally, any notes, analysis, memoranda and other


DEFENDANT'S EXHIBIT A

    compilations taken or made from the examination of confidential information shall be confidential information.

  d. **"Parties"** means the plaintiff, Felix Rangel, defendant Home Depot U.S.A., Inc., their agents, assigns and representatives.

  3. A party or witness may designate as confidential any material produced in the course of discovery that contains confidential information by writing, typing or stamping on the face of such material the words **"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"**, or by otherwise notifying counsel for the parties in writing, and, in the case of deposition transcripts and exhibits, the court reporter, at the time of the production of the document within 28 days of receipt of the deposition transcript. In the event confidential information is contained in any written response to a discovery request, and any deposition transcript, or in any exhibit thereto, the confidential portions of such response, transcript, or exhibit shall be separately bound and the words **"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"** shall be placed thereon. Such legend need not be placed on the original document of the producing party, including third parties, but may instead be placed upon copies produced or exchanged.

  4. Each page of each such document shall be stamped **"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER"**. Such confidential information may be disclosed only to:

  a. Counsel for a party to this litigation and their paralegal, secretarial or clerical employees, including employees of temporary personal services, who are actively engaged in assisting counsel in the preparation of this litigation;

  b. Employees of a party including, without limitation, employee deponents, officers or directors;

  c. Actual or proposed expert witnesses and other experts or consultants of a party designated as an expert in connection with this litigation;

  d. Persons noticed for deposition who are potential witnesses at the trial of the captioned matter;

  e. Upon court order or consent of parties, any person serving as a juror in a trial of the captioned matter;

  f. Court reporters and persons preparing transcripts of testimony or exhibits, or photocopies, provided, however, that counsel for the party making such disclosure is obligated to notify such persons that such documents are confidential and subject to this Protective Order and such counsel takes reasonable steps to preserve the confidentiality of such protective documents; and

  g. The Court and its personnel

  5. Each persons specified in paragraphs 4(a)-4(d) and 4(f) above shall be referred to as a "qualified person." Each qualified person shall sign the Agreement To Be Bound By Protective Order Regarding Confidentiality attached to this Order as "Appendix A" before confidential information may be disclosed to them. Counsel who produced the confidential

information shall keep a record of all persons to whom disclosures are made and shall retain in their possession, custody, and control of all written statements signed by those person.

6. In the event confidential, proprietary or sensitive material is inadvertently produced without placing the designation "**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**" thereon, the party or witness may, subsequent to the production, designate the material as "**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**". In such event, material shall be treated in accordance with the terms of this Order from the time of the designation.

7. Should a party object to the designation of any materials as confidential information, that party may appeal to the Court for a ruling that the material shall not be so treated at any time before final judgment is entered by the Trial Court. Until the Court enters an order, if any, changing the designation of the material, it shall continue to be treated as confidential and as a protected document as provided by this Order.

8. All confidential information shall remain in the possession or the parties or their attorneys or the person to whom disclosure is originally made, and they shall not permit any such confidential matter to leave their possession or the possession of those assisting counsel of record as designated, absent court order. Each such disclosing party shall maintain and produce at the close of litigation, a log identifying all persons to whom the described materials are shown to or delivered, specifying the particular confidential information shown or delivered to each qualified person, and to have signed an Agreement To Be Bound By Protective Order Regarding Confidentiality.

9. All confidential information, and information derived therefrom, shall be used solely in the prosecution or defense of this litigation. Without limiting the foregoing, confidential information may not be used by any opposing party or any third party for any business, competitive or other purpose.

10. Confidential information developed, revealed or included with any discovery proceedings, formal or informal, whether in the form of deposition, transcripts, interrogatory answers, document production or contained in motions, affidavits, briefs or other documents submitted to the Court shall be subject to this Order, if designated by the defendant as confidential, and the clerk is directed to maintain such documents, when property designated as confidential, under seal. Such document shall remain available only to the Court and to named counsel of record in this proceeding until further order of Court.

11. Any party may apply to the Court, on reasonable notice to other parties or producing entities, for relief from or modification of any provision of this Order. Any disputes concerning objections and other matters falling within the scope of, or relating to the interpretation of, this Order shall be submitted to the Court for determination.

12. No document designated as confidential, as provided herein, may be filed with the court unless leave to so file the particular document is specifically obtained from the court.

13. Upon settlement or final judgment, all copies of confidential documents in the possession of counsel or of any other persons provided access to said documents under this Order, shall be returned to the party by whom the documents were produced within 10 days, together with their certificate filed with the Court, that all such documents and copies thereof have been returned.

14. Nothing in this Protective Order shall be construed as granting or implying any right under any Letter Patent.

15. Nothing in this Protective Order shall alter the burden and standards of proof under the Federal Rules of Civil Procedure and/or the Rules of the U.S. Supreme Court for resolving motions made to the Court concerning this Protective Order.

16. Each person who receives confidential information submits himself or herself to the personal jurisdiction of the United States District Court for the Northern District of Illinois, wherever he or she shall be, for the enforcement of this Order.

17. The Court specifically orders and directs that any violation of the provisions of this Order concerning confidentiality, by the unauthorized production or disclosure of confidential information, shall subject the violating party to sanctions including, but not limited to, attorneys fees and those penalties provided under the Federal Rules of Civil Procedure and/or the Rules of the U.S. Supreme Court, and may subject the violating party, individual or entity to sanctions for contempt of Court.

| Attorney for Home Depot USA, Inc. | Attorneys for Plaintiff |
|---|---|
| /s/ Jonathan P. Schaefer | /s/ Christopher L. Panio (with permission) |
| Jonathan P. Schaefer | Christopher L. Panio |
| Purcell & Wardrope, Chtd. | Robert N. Waddington & Associates |

..............................................,2008

ENTER:

..............................................
Judge

PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\JPS\3635- Rangel\Pleadings\Prot Order.doc