IN THE UNITED STATES DISTRICT FOR THE
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| FELIX RANGEL, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 1:08-cv-01942 |
| ) | |
| HOME DEPOT U.S.A., Inc. ) | Magistrate Judge Susan E. Cox |
| ) | |
| a foreign corporation, ) | |
| ) | |
| Defendant. ) | |

### 1.
### JOINT STATUS REPORT

### ATTORNEYS OF RECORD

**For the Plaintiff:**

Robert Wadington and Christopher Panio of Robert N. Wadington & Associates.

**The Defendant:**

Lew R.C. Bricker and Sandra J. Engelking of SmithAmundsen LLC

### 1.
### BRIEF SUMMARY OF CLAIM

This cause of action arises out of an incident in which Plaintiff, Felix Rangel, sustained certain injuries on January 19, 2007 while delivering goods to the Home Depot located at 955 North Randall Rd in the City of Elgin. As Plaintiff was walking into the receiving area of the subject Home Depot, his foot came down on a shovel that had been placed inside the door. The shovel slid out from under his foot causing him to fall and land on the floor. As a result of the fall, Plaintiff suffered herniated discs at L1-L2, L-4 - L5 and L5-S1.

Plaintiff alleges, inter alia, that the Defendant carelessly and negligently caused and/or allowed the shovel to extend out and into the aisle walkway on the premises of the HOME DEPOT receiving so that it presented a dangerous and defective condition, carelessly and negligently placed the shovel at an angle where it was foreseeable that someone such as Plaintiff could trip and fall, carelessly and negligently failed to warn Plaintiff of the dangerous and defective nature of the shovel. The Defendant denies the Plaintiff's allegations and alleges that the Plaintiff failed to keep a proper lookout and was improperly distracted while talking on his cell phone at the time of the incident.

### 2.
### RELIEF SOUGHT

As a result of the fall, Plaintiff suffered multiple herniated discs with a multiple level fusion. Plaintiff

claims pain and suffering (past and future), disability, disfigurement, lost wages, and medical expenses incurred to date and future medical expenses.  Plaintiff's counsel is not in possession of all Plaintiff's medical bills, however, Plaintiff's medical expenses exceed $31,000.99.  Plaintiff will update as they become available.  A summary of Plaintiff's treatment and medical providers can be found on the Damage Summary attached hereto.  As a result of the fall, Plaintiff was unable to work for Express Global (860 West Foster, Bensenville, IL.  60106) from 1/19/07 to 11/15/07.  Wages or income loss claimed as a result of Plaintiff's fall is approximately 43 weeks at $800.00 per week, plus over time.  Total amount of lost wages is unknown at this time.

3.
**STATUS OF PENDING MOTIONS**

Plaintiff anticipates adding certain individuals not previously known but will be identified in Defendant's Answers to Plaintiff's Interrogatories.

4.
**PROPOSED DISCOVERY CUT-OFF**

TBD.

5.
**EARLIEST DATE FOR TRIAL**

February 2010.  A Jury Demand has been filed.

6.

**STATUS OF ANY SETTLEMENT DISCUSSIONS**

Pursuant to Judge Lindberg's case management procedures, a settlement conference was scheduled for July 29, 2008.  Since that time, however, this matter was transferred to Judge Cox and Defendant's counsel, Purcell and Wardrobe, withdrew as counsel for Home Dept.  As such, the settlement conference was postponed until further notice.  As soon as Plaintiff's counsel is in possession of all medical bills related to Plaintiff's injuries, a written settlement demand will be propounded on the defendant.

| | |
|---|---|
| Robert N. Wadington & Associates<br>111 W. Washington, Suite 1460<br>Chicago, IL 60602<br>(312) 629-2706 Phone<br>(312) 629-8022 Facsimile | By: /s/ Christopher L. Panio<br><br>  /s/ Robert N. Wadington<br>Mr. Christopher L. Panio<br>Mr. Robert N. Wadington<br><br>Attorneys for Plaintiff, Felix Rangel<br><br>Respectfully submitted for the Defendants: |
| SmithAmundsen, LLC<br>150 North Michigan Avenue<br>Suite 3300<br>Chicago, IL 60601<br>Ph. (312) 894-3200<br>Fax (312) 894-3210 | By: /s/ Lew R.C. Bricker<br> /s/ Sandra Engelking<br><br>Mr. Lew RC. Bricker<br>Ms. Sandra J. Engelking<br><br>Attorneys for Defendant, Home Depot |

STATE OF ILLINOIS      )
                                        ) SS
COUNTY OF COOK       )

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| **FELIX RANGEL, an individual,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 08 L 1921 |
| | ) | |
| **HOME DEPOT U.S.A., Inc.** | ) | Cal:   D |
| | ) | |
| a foreign corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AT LAW**

**COUNT I**

**NEGLIGENCE - HOME DEPOT U.S.A, INC.**

NOW COMES Plaintiff, FELIX RANGEL, by and through his attorneys, ROBERT N. WADINGTON & ASSOCIATES, and complains of Defendant, HOME DEPOT U.S.A, Inc., (hereinafter referred to as "HOME DEPOT"), a foreign corporation, and in support states as follows:

1.  On and prior to January 19, 2007, Defendant, HOME DEPOT, was a foreign corporation doing business in the City of Chicago, County of Cook, State of Illinois.

2.  That, on or about January 19, 2007, Defendant, HOME DEPOT, was in the business of owning, operating, managing, maintaining and controlling a certain store, commonly known as "Home Depot," including the entrances, exits, and passageways, and loading docks located at or about 955 North Randall Rd, City of Elgin, County of Kane, State of Illinois.

3. On and prior to January 19, 2007, Defendant, HOME DEPOT, had a duty to exercise ordinary care in the ownership, operation, management, maintenance and control of said premises.

4. On or around January 19, 2007, Plaintiff, FELIX RANGEL, was on the premises owned, operated, managed, maintained and controlled by Defendant, HOME DEPOT, in the course of his employment as a truck driver for U.S. Express.

5. On or around January 19, 2007, Plaintiff, FELIX RANGEL, was lawfully on the premises of Defendant, HOME DEPOT, and lawfully utilizing the premises owned, operated, managed, maintained and controlled by Defendant.

6. That, at said time and place, it was Defendant's duty to own, operate, manage, maintain and control the loading area including entrances and exits with reasonable care and caution so that those lawfully upon said premises, including Plaintiff, would not be injured.

7. That, at said time and place, Plaintiff was delivering via tractor trailer a load of supplies to said Defendant.

8. That, at said time and place, Defendant instructed Plaintiff to park his tractor trailer at the rear of the premises in the receiving area.

9. That, at said time and place, Defendant instructed Plaintiff to report to the receiving area.

10. That, at the time and place aforesaid, a shovel surrounded by an unnatural accumulation of water was situated inside said receiving area door by an officer, employee, and/or agent of Defendant in such a way that there was insufficient room to safely walk through the aforesaid receiving area thereby creating a dangerous and defective condition.

11. That, at the time and place aforesaid, Plaintiff, distracted by the cans and receptacles on the floor of said receiving area while determining a path through them, stepped on said shovel

causing him to slip and fall.

12. That, at the time and place aforesaid, Defendant, by and through its officers, agents and servants knew or should have known of the existence of the shovel and the surrounding unnatural accumulation of water and that those conditions constituted a danger to Plaintiff.

13. That, at the time and place aforesaid, Defendant, by and through its officers, agents, and servants knew or should have known that persons such as Plaintiff walking through the receiving area would be distracted by the numerous receptacle bins and other items located in the walkway of said receiving area.

14. That, at the time and place aforesaid, Defendant, by and through its officers, agents and servants knew or should have known that persons such as Plaintiff would inevitably encountered the dangerous area at said premises.

15. At all times relevant, Defendant, HOME DEPOT, breached its duty to the Plaintiff in one or more of the following ways:

    a. Carelessly and negligently caused and/or allowed the shovel to extend out and into the aisle walkway on the premises of the HOME DEPOT receiving area located at or about 2073 Prairie Street, in the City of St. Charles, County of Kane, State of Illinois so that it presented a dangerous and defective condition;

    b. Carelessly and negligently placed the shovel at an angle where it was foreseeable that someone such as Plaintiff could trip and fall;

    c. Carelessly and negligently failed to warn Plaintiff of the dangerous and defective nature of the shovel;

    d. Failed to provide a safe means of ingress and egress at said location;

    e. Failed to provide adequate lighting for the Plaintiff to avoid the dangerous and defective condition created by the piece of grating at said location;

    f. Failed to remove water from the floor;

    g.    Allowed the dangerous conditions to remain despite its knowledge of its presence; and

    h.    Failed to keep every means of egress clear and unencumbered at said location, in violation of the Municipal Code of Chicago Title 13, Sections 13-196-080, 13-160-60. 11.

16. That, as a direct and proximate result of one or more of the aforesaid wrongful acts and/or omissions of Defendant, HOME DEPOT, Plaintiff has experienced injuries of a personal and pecuniary nature.

WHEREFORE, the Plaintiff, FELIX RANGEL, prays for judgment against Defendant, HOME DEPOT, a foreign corporation, in a sum in excess of the jurisdictional limit of the Law Division of the Circuit Court of Cook County.

 

_____
Attorney for Plaintiff

ROBERT N. WADINGTON & ASSOCIATES
Attorney for Plaintiff
111 West Washington, Suite 1460
Chicago, Illinois 60602
(312) 629-2706
Attorney No. 31494

STATE OF ILLINOIS )
) SS
COUNTY OF COOK )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| FELIX RANGEL, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 08 L 1921 |
| ) | |
| HOME DEPOT U.S.A., Inc. ) | |
| ) | |
| a foreign corporation, ) | |
| ) | |
| Defendant. ) | |

### ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES the Defendant, HOME DEPOT USA, INC., by its attorneys, PURCELL & WARDROPE, CHTD., and hereby responds to the Plaintiffs Complaint At Law, as follows:

1. On and prior to January 19, 2007, Defendant, HOME DEPOT, was a foreign corporation doing business in the City of Chicago, County of Cook, State of Illinois.

ANSWER: The Defendant admits the allegations contained in paragraph 1.

2. That, on or about January 19, 2007, Defendant, HONE DEPOT, was in the business of owning, operating, managing, maintaining and controlling a certain store, commonly known as "Home Depot," including the entrances, exits, and passageways, and loading docks located at or about 955 Randall Road, City of Elgin, County of Kane, State of Illinois.

ANSWER: The Defendant admits the allegations contained in paragraph 2, other than to indicate that the subject store was located in the County of Cook.

3. On and prior to January 19, 2007, Defendant, HOME DEPOT, had a duty to

exercise ordinary care in the ownership, operation, management, maintenance and control of said premises.

ANSWER: The Defendant denies the allegations contained in paragraph 3, and only admits to those duties implied by law.

4. On or around January 18, 2007, Plaintiff, FELIX RANGEL, was on the premises owned, operated, managed, maintained and controlled by Defendant, HOME DEPOT, in the course of his employment as a track driver for U.S. Express.

ANSWER: Upon information and belief, the Defendant admits the allegations contained in paragraph 4.

5. On or around January 19, 2007, Plaintiff, FELIX RANGEL, was lawfully on the premises of Defendant, HOME DEPOT, and lawfully utilizing the premises owned, operated, managed, maintained and controlled by Defendant.

ANSWER: Upon information and belief, the Defendant admits the allegations contained in paragraph 5.

6. That, at said time and place, it was Defendant's duty to own, operate, manage, maintain and control the loading area including entrances and exits with reasonable care and caution so that those lawfully upon said premises, including Plaintiff, would not be injured.

ANSWER: The Defendant denies the allegations contained in paragraph 6, and only admits to those duties implied by law.

7. That, at said time and place, Plaintiff was delivering via tractor trailer a load of supplies to said Defendant.

ANSWER: The Defendant admits that the Plaintiff brought a delivery via tractor trailer a load of carpeting to the store at the alleged time and place, and denies any remaining

allegations contained in paragraph 7.

8. That, at said time and place, Defendant instructed Plaintiff to park his tractor trailer at the rear of the premises in the receiving area.

ANSWER: The Defendant denies giving any instructions to the Plaintiff about where to park his vehicle prior to the subject incident on the date in question.

9. That, at said time and place, Defendant instructed Plaintiff to report to the receiving area.

ANSWER: The Defendant denies giving any instructions to the Plaintiff on the date in question prior to his accident.

10. That, at the time and place aforesaid, a shovel surrounded by an unnatural accumulation of water was situated inside said receiving area door by an officer, employee, and/or agent of Defendant in such a way that there was insufficient room to safely walk through the aforesaid receiving area, thereby creating a dangerous and defective condition.

ANSWER: The Defendant admits that an OSHA-required hazard material spill kit was present adjacent to the entrance door to the receiving department, including a wash station, dry compound container, and a shovel. The Defendant denies any remaining allegations contained in paragraph 10.

11. That, at the time and place aforesaid, Plaintiff, distracted by the cans and receptacles on the floor of said receiving area while determining a path through them, stepped on said shovel causing him to slip and fall.

ANSWER: The Defendant admits that the Plaintiff stepped on the shovel, knocked the shovel over, and then fell over the shovel, but denies any remaining allegations contained in paragraph 11.

12. That, at the time and place aforesaid, Defendant, by and through its officers, agents and servants knew or should have known of the existence of the shovel and the surrounding natural accumulation of water and that those conditions constituted a danger to Plaintiff.

ANSWER: The Defendant admits that it was aware of a shovel adjacent to the doorway as part of the OSHA-required hazardous material spill kit, but denies any remaining allegations contained in paragraph 12.

13. That, at the time and place aforesaid, Defendant, by and through its officers, agents, and servants knew or should have known that persons such as Plaintiff walking through the receiving area would be distracted by the numerous receptacle bins and other items located in the walkway of said receiving area.

ANSWER: The Defendant denies the allegations contained in paragraph 13.

14. That, at the time and place aforesaid, Defendant, by and through its officers, agents and servants knew or should have known that persons such as Plaintiff would inevitably encountered the dangerous area at said premises.

ANSWER: The Defendant denies the allegations contained in paragraph 14.

15. At all times relevant, Defendant, HOME DEPOT, breached its duty to the Plaintiff in one or more of the following ways:

    a. Carelessly and negligently caused and/or allowed the shovel to extend out and into the aisle walkway on the premises of the HOME DEPOT receiving area located at or about 2073 Prairie Street, in the City of St. Charles, County of Kane, State of Illinois, so that it presented a dangerous and defective condition;

    b. Carelessly and negligently placed the shovel at an angle where it was foreseeable

        that someone such as Plaintiff could trip and fall;

c.     Carelessly and negligently failed to warn Plaintiff of the dangerous and defective nature of the shovel;

d.     Failed to provide a safe means of ingress and egress at said location;

e.     Failed to provide adequate lighting for the Plaintiff to avoid the dangerous and defective condition created by the piece of grating at said location;

f     Failed to remove water from the floor;

g.     Allowed the dangerous conditions to remain despite its knowledge of its presence; and

h.     Failed to keep every means of egress clear and unencumbered at said location, in violation of the Municipal Code of Chicago Title 13, Sections 13-196-080, 13-160-60.11.

ANSWER:    The Defendant denies the allegations contained in paragraph 15, and specifically denies the allegations contained in subparagraphs (a) - (h) thereunder. The Defendant further denies the Chicago Municipal Code has any application to the subject store or this matter.

16.    That, as a direct and proximate result of one or more of the aforesaid wrongful acts and/or omissions of Defendant, HOME DEPOT, Plaintiff has experienced injuries of a personal and pecuniary nature.

ANSWER:    The Defendant denies the allegations contained in paragraph 16.

WHEREFORE, the Defendant, HOME DEPOT USA, INC., prays that judgment be entered in its favor and against the Plaintiff, and that it be awarded reasonable costs, fees and expenses.

**FIRST AFFIRMATIVE DEFENSE**

NOW COMES the Defendant, HOME DEPOT USA, INC., and in further response to the Plaintiff's Complaint At Law, hereby pleads the following as its First Affirmative Defense:

1. At the time and place alleged, the Plaintiff owed a duty to himself and to others to act in a reasonable and safe manner.

2. At the time and place alleged, the Plaintiff breached said duty and proximately caused or contributed to his accident, injuries and/or damages, by committing one or more of the following careless and/or negligent acts and/or omissions:

(a) Failed to keep a proper and safe lookout for the conditions of the receiving department upon entering the building;

(b) Improperly distracted his own attention from the conditions of the premises by speaking on a cellular phone during all times he was present between entering the receiving department and his tripping and falling;

(c) Failed to seek assistance by employees present in the receiving department when confronted with the open and obvious conditions, of the department; and

(d) improperly failed to watch or look to see where he was walking while entering the building.

WHEREFORE, the Defendant, HOME DEPOT USA, INC., prays that, if judgment is entered in favor of the Plaintiff and against the Defendant under the Plaintiff's Complaint At Law, said judgment be reduced by that percentage to which the Plaintiff's own comparative fault or negligence caused or contributed to the subject accident, and that judgment be entered in favor of the Defendant and against the Plaintiff if it is deemed that the Plaintiff's own comparative fault or negligence exceeded 50% of the total fault attributable to the subject accident.

                                                                      Respectfully Submitted,


                                                                      Jonathan P. Schaefer


PURCELL & WARDROPE CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900

DAMAGE SUMMARY
FELIX RANGEL
D/A/ 1/19/07

Update: 7/30/08

**Resurrenction Medical Center** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
7435 West Talcott
Chicago, IL.  60631
773-774-8000

DOT: ER   1/22/07 Xray; treated with analgesics and muscle relaxer

**Logan Square Family Health Center** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $500.00
Dr. Salvador R. Gutierrez            Primary Care Physician
2655 N. Milwaukee Avenue
Chicago, 60647
773-489-0133

DOT:  2/1/07;  2/12/07; 3/1/07; 3/16/07;  5/5/07;

**St. Elizabeth Hospital** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $1,326.00
1431 North Claremont Avenue          **physical therapy services ordered**
Chicago, IL.                         **by Dr. Sal Gutierrez**
773-278-2000
Out-Patient Physical Therapy

DOT:   2/9/07 PT evaluation; 2/13/07; 2/16/07; 2/19/07; 2/21/07; 3/6/07; 3/13/07; 3/14/07;

**MRI Lincoln Imaging Center**  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
5023 North Lincoln Avenue
Chicago, IL.  60625
773-293-0451          Referring Physician: Dr. Salvador Gutierrez
Fax: 773-293-0453

DOT: 04/25/07 (MRI lumbar);

**Our Lady of the Resurrection Medical Center** . . . . . . . . . . . . . . . . . . . . . . . . . $14,220.11
**Dr. Francisco Guttierrez-Neurosurgeon**
5645 West Addison            Lumbar Spine (LR4, LR5)
Chicago, IL.  60634          Hospital Anesthesia: $1,739
773-774-8000

DOT:   7/17/07 (Lumbar surgery); 7/18/07

Anesthesiologist for Surgery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
Private Doctor Billing

DOT:  7/17/07

Addison Radiology Associates . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
520 East 22nd Street
Lombard, IL.  60148

DOT: 7/11/07 chest X-ray;  7/17/07

Northwestern Neurosurgical Assoc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $9,350.00
Dr. Francisco Guttierrez            Doctor's Office
7447 West Talcott, Suite 531
Chicago, IL.  60631
312-926-3490                        Dr. Fee Surgery: $8,000
Fax: 312-926-3494

DOT:   5/31/07; 6/26/07; 7/17/07 (surgery R Lumbar Disc L4-L5) ; 7/18/07; 8/2/07; 9/6/07; 10/25/07; 12/14/07

Athletic & Therapeutic Institute . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $5,608.00
3233 West Addison
Chicago, IL.  60618
773-478-0496                        Therapy 3 xs a week for 4 weeks

DOT: 8/6/07; 8/8/07; 8/9/07; 8/13/07; 8/15/07; 8/20/07; 8/22/07; 8/24/07; 8/27/07; 8/28/07;


TOTAL MEDICALS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $


    Wage Loss . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $34,400.00

        Approx. $800.00 per week for 43 weeks
      Loss of income for time frame - 1/19/07 to 11/15/07

TOTAL:  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $TBD